E-FILED
Thursday, 12 March, 2026 03:20:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

SARAH MILLER and
JESSICA VASQUEZ,
on behalf of themselves
and all others similarly
situated,

Plaintiffs,

vs. Case No.:

AFNI, INC.,

Defendant.
_______________________________________/

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, Sarah Miller and Jessica Vasquez (herein "Plaintiffs"), individually and on behalf of all others similarly situated, file this Class Action Complaint against AFNI, Inc. ("Defendant" or "Defendant"). Plaintiffs bring class claims under the Family and Medical Leave Act ("FMLA") and allege Defendant engaged in a pattern or practice of FMLA interference and FMLA retaliation, including terminating employees and/or failing to restore employees to the same or an equivalent position upon return from protected leave.

In addition to the FMLA Class claims, Plaintiff Miller brings individual claims under the Americans with Disabilities Act, as amended ("ADAAA"), and age under the Arizona Civil Rights Act ("ACRA"). Plaintiff Vasquez brings individual claims under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), the Pregnant Workers Fairness Act ("PWFA"), and the state equivalent under the Kentucky Civil Rights Act ("KCRA").

## INTRODUCTION

At Afni, requesting leave under the Family Medical Leave Act ("FMLA") is risky. Although FMLA leave is a federally protected right, employees who take protected leave are routinely punished when they attempt to return to work. The punishment comes in the form of removal from their roles, loss of status and termination.

Such was the case for Plaintiff Sarah Miller. Plaintiff Miller is a long-tenured employee who was approved for FMLA leave from January 1, 2025, through March 24, 2025. Shortly after her return, Defendant stripped Plaintiff Miller of her prior role, briefly reassigned her to a materially diminished "special project," then terminated her employment. In addition to the class allegations, Plaintiff Miller was subjected to discrimination and retaliation because of her disability and age.

Plaintiff Jessica Vasquez, also a long-tenured employee, requested and was approved for FMLA leave from January 10, 2025, through April 3, 2025, in connection with childbirth and bonding with her newborn child. She was terminated within an hour of returning to work. In addition to the class allegations, Plaintiff Vasquez was discriminated against and retaliated against because of her sex, including pregnancy, childbirth, and related medical conditions.

Plaintiffs seek all available relief for themselves and the FMLA Class, including lost wages and benefits, front pay, liquidated damages, and attorney's fees and costs. For their non-FMLA claims, Plaintiffs seek compensatory damages, equitable relief, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FMLA (29 U.S.C. § 2601 *et seq.*), the ADA (42 U.S.C. § 12101 *et*

*seq.*), Title VII (42 U.S.C. § 2000e *et seq.*) including the Pregnancy Discrimination Act, the ADEA (29 U.S.C. § 621 *et seq.*), and the Pregnant Workers Fairness Act (42 U.S.C. § 2000gg *et seq.*).

2. This Court also has supplemental subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims arising under the laws of the United States that they form part of the same case or controversy.

3. At all relevant times, Defendant was registered to do business in the State of Illinois, conducted business in Illinois, is headquartered in the Central District of Illinois.

4. Venue is proper in this District because a substantial part of the events giving rise to this claim arose in this District and Defendant maintains its headquarters in this District.

**PARTIES**

5. Plaintiff Sarah Miller is a resident of Tucson, Arizona. Plaintiff Miller worked remotely as an Operations Manager was considered an employee assigned to Defendant's Illinois office.

6. Plaintiff Jessica Vasquez is a resident of Franklin, Kentucky. Plaintiff Vasquez worked remotely at her home as a Project Team Lead and was considered an employee assigned to Defendant's Illinois office.

7. Afni, Inc. is a business process outsourcing provider with locations in Alabama, Arizona, Georgia, Illinois, North Carolina and South Carolina and Texas. Defendant is headquartered at 1310 Martin Luther King, Jr., Drive, Bloomington, Illinois 61701.

8. At all relevant times, Defendant was a covered "employer" pursuant to the FMLA, employing fifty (50) or more employees in a 75-mile radius.

9. At all relevant times Plaintiffs were employees as defined by the FMLA having been employed for more than one year and having worked at least 1,250 hours in the previous 12 months.

10. Defendant is an employer as defined by the ADAAA, ACRA, Title VII, PDA, PWFA, and KCRA.

11. Plaintiffs were employees as defined by the ADAAA, ACRA, Title VII, PDA, PWFA, and KCRA.

**ADMINISTRATIVE PREREQUISITES**

12. All conditions precedent to bringing this action have occurred.

13. Plaintiff Miller timely dual filed a charge of age and disability discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Arizona Civil Rights Division May 15, 2025. Her Charge of Discrimination has been pending for more than 180 days.

14. Plaintiff Vasquez timely dual filed a charge of gender and pregnancy discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and its appropriate state equivalent on May 7, 2025. The EEOC issued a Notice of Right to Sue on December 15, 2025.

**GENERAL ALLEGATIONS**

15. At all times material, Defendant acted with malice and reckless disregard for Plaintiffs' federal and state protected rights.

16. At all times material, Plaintiffs were qualified to perform their job duties within Defendant's legitimate expectations.

17. Plaintiffs have been required to retain the undersigned counsel to represent them in

this action and are obligated to pay a reasonable fee for their services.

**PLAINTIFF MILLER'S FACTUAL ALLEGATIONS**

18. Plaintiff Miller was hired by Defendant on or about March 16, 1998.

19. Plaintiff Miller worked remotely as an Operations Manager.

20. During Plaintiff Miller's long tenure, she routinely earned merit increases and was promoted, eventually becoming an Operations Manager.

21. In 2024, Plaintiff Miller was diagnosed with colon cancer.

22. Although she was successfully treated, she continued to experience chronic pain and neuropathy.

23. Plaintiff Miller's neuropathy and chronic pain substantially limited major life activities, including but not limited to walking and moving, resulting in limited mobility.

24. Consequently, Plaintiff Miller uses a walker.

25. In December 2024, Plaintiff Miller requested leave under the Family and Medical Leave Act.

26. Defendant approved her leave from January 1, 2025, through March 24, 2025.

27. On March 24, 2025, Plaintiff Miller returned to work. Pursuant to the FMLA, Defendant was required to reinstate Plaintiff Miller to the same or an equivalent position. Instead, Defendant effectively demoted Plaintiff Miller to a "special project" position that bore no resemblance to her prior Operations Manager role in duties, status, and/or opportunities.

28. Just over a week after returning, on April 4, 2025, Defendant terminated Plaintiff Miller's employment.

29. Defendant claimed Plaintiff Miller's position had been eliminated as part of a company restructuring.

30. Discovery will show three other operations managers were retained during the so-called restructuring. More importantly, none of the retained operations managers requested leave under the FMLA. Likewise, Plaintiff Miller had an unblemished employment record while the retained operations managers had a history of performance and disciplinary issues. Objectively, and by all measures, Plaintiff Miller was the top performer when compared to the other three.

31. Discovery will show other Operations Managers were retained during the alleged restructuring and that those retained managers did not take FMLA leave.

32. Discovery will also show that the Operations Managers that were retained were significantly younger than Plaintiff Miller.

**PLAINTIFF VASQUEZ'S FACTUAL ALLEGATIONS**

33. Plaintiff Vasquez was hired on or about July 28, 2015.

34. Plaintiff Vasquez worked remotely from her home in Kentucky.

35. During her decade of employment, Plaintiff Vasquez consistently earned positive job evaluations.

36. In December 2024, Plaintiff Vasquez was pregnant and preparing for leave related to pregnancy, childbirth, and postpartum recovery, as well as bonding with her newborn child.

37. On December 2, 2024, Plaintiff Vasquez requested leave under the FMLA, PDA, and PWFA in connection with the anticipated birth of her child and to bond with and care for her newborn following childbirth.

38. Defendant approved her leave from January 10, 2025, through April 3, 2025.

39. Plaintiff Vasquez returned to work on the morning of April 4, 2025, and was terminated within an hour.

40. The Defendant claimed Plaintiff Vasquez's position had been eliminated.

41. Discovery will show Defendant assigned a different employee to perform the job prior to Plaintiff Vasquez's return.

42. Discovery will show Defendant assigned the job once held by Plaintiff Vasquez to an employee who had not taken FMLA leave and who was not on pregnancy-related leave.

43. Discovery will show Defendant had no legitimate, non-discriminatory reason to terminate Plaintiffs' employment.

44. Defendant discriminatorily and overtly targeted Plaintiffs for termination because Plaintiff Miller and Plaintiff Vasquez exercised their federally protected FMLA rights. Specifically, Plaintiffs took FMLA medical leave.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs bring their FMLA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following proposed class ("DEFENDANT Class"):

> Any person employed by Defendant who was terminated after exercising their right to FMLA leave, or who was not restored to their former position or who suffered an adverse employment action at the conclusion of FMLA leave, for the three years preceding this action through the date of judgment (the "Defendant Class").

46. Plaintiffs reserve the right to modify, change, or expand the class definitions if discovery and/or further investigation reveal that they should be expanded or otherwise modified.

47. **Numerosity**: The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis alleges, that at least 40 other employees on approved medical leave were involuntarily terminated during the period of approved

medical leave or immediately thereafter upon returning from FMLA leave and likely there are many more members.

48. **Common Questions of Law and Fact**: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

a. Whether Defendant maintained a pattern or practice of terminating or failing to reinstate employees on FMLA leave;

b. Whether Defendant failed to reinstate employees to the same or an equivalent position as required by the FMLA;

c. Whether Defendant conduct was willful.

49. **Typicality**: Plaintiffs' claims are typical of the claims of the Class because Plaintiffs were on FMLA leave or had recently returned from leave when Defendant took an adverse employment action against them.

50. **Adequacy**: Plaintiffs are adequate representatives for the Class because their interests do not conflict with the interests of the class they seek to represent. Plaintiffs have retained counsel competent and highly experienced in employment litigation – including retaliation cases – and intends to prosecute this action vigorously, thus the interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

51. **Risk of Adjudication for Absent Members**: The prosecution of separate actions by or individual members of the Class would create a risk of adjudications that could be dispositive of the interests of the other members who are not parties to those adjudications or substantially impair or impede their ability to protect their interests.

**COUNT I**
**29 CFR § 825.220**
**VIOLATION OF SECTION 105 OF THE FMLA - INTERFERENCE**
**Individually and on behalf of the FMLA Class**
**(Both Plaintiffs)**

52. Plaintiffs re-allege and re-adopt paragraphs 15-51 of their Complaint as if fully set forth herein.

53. Plaintiffs and Class members were eligible employees under the FMLA, and Defendant was a covered employer.

54. Plaintiffs and Class members exercised rights protected by the FMLA by requesting and taking approved FMLA leave.

55. Plaintiffs and Class members were terminated shortly after returning to work after taking leave under the FMLA or while on FMLA leave.

56. Defendant had knowledge of Plaintiffs protected FMLA leave.

57. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiffs' lawful exercise of their FMLA rights by terminating employment shortly after return from leave and failing to restore employees to the same or an equivalent position.

58. As a result of Defendant's unlawful actions, Plaintiffs have suffered and continue to suffer monetary damages.

59. Defendant's actions constitute willful violations of the FMLA.

WHEREFORE, Plaintiffs pray for the following damages against Defendant:

a. back pay and benefits (including but not limited to uninsured medical expenses incurred);

b. interest on back pay and benefits (including but not limited to uninsured

medical expenses incurred;

c. front pay and benefits (including but not limited to uninsured medical expenses incurred);

d. liquidated damages;

e. injunctive and/or equitable relief;

f. attorney's fees and costs; and

g. any other relief this Court deems just and equitable.

**COUNT II**
**29 CFR § 825.220**
**VIOLATION OF SECTION 105 OF THE FMLA**
**(Retaliation)**
**Individually and on behalf of the FMLA Class**
**(Both Plaintiff's)**

60. Plaintiffs re-allege and re-adopt paragraphs 15-51 of their Complaint as if fully set forth herein.

61. Plaintiffs and Class members engaged in protected activity under the FMLA, including requesting and taking FMLA leave.

62. Defendant retaliated against Plaintiffs and Class Members for asserting their FMLA rights, by terminating them and/or failing to restore them to the same or an equivalent position.

63. Defendant actions constituted unlawful retaliation pursuant to the FMLA.

64. Defendant's actions constituted willful violations of the FMLA because Defendant terminated Plaintiffs' employment for no legitimate non-discriminatory reason.

65. As a result of Defendant's unlawful actions, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs pray for the following damages against Defendant:

a. back pay and benefits (including but not limited to uninsured medical

expenses incurred);

b. interest on back pay and benefits (including but not limited to uninsured medical expenses incurred);

c. front pay and benefits (including but not limited to uninsured medical expenses incurred);

d. liquidated damages;

e. injunctive and/or equitable relief;

f. attorney's fees and costs; and

g. any other relief this Court deems just and equitable.

**COUNT III**
**(Plaintiff Miller only)**
**42 U.S.C. § 12112**
**VIOLATION OF ADAAA**
**(Disability Discrimination)**

66. Plaintiff Miller re-alleges and re-adopts paragraphs 12-32 of the Complaint as if fully set forth herein.

67. Plaintiff Miller is an individual with a disability within the meaning of the ADAAA.

68. Plaintiff Miller was qualified to perform the essential functions of her job with or without reasonable accommodation.

69. Defendant discriminated against Plaintiff Miller on the basis of disability, including by stripping her of her role, reassigning her to a materially diminished position, and terminating her employment.

70. Defendant's stated reasons were pretextual.

71. As a direct and proximate result, Plaintiff Miller suffered damages.

WHEREFORE, Plaintiff Miller prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**COUNT IV**
**(Plaintiff Miller only)**
**42 U.S.C. § 12112**
**VIOLATION OF ADAAA**
**(Disability Retaliation)**

72. Plaintiff Miller re-alleges and re-adopts paragraphs 12-32 of the Complaint as if fully set forth herein.

73. Plaintiff Miller is an individual with a disability within the meaning of the ADAAA.

74. Plaintiff Miller engaged in protected activity, including requesting leave and/or seeking protection related to her disabling medical conditions.

75. Defendant retaliated against Plaintiff Miller because of her protected activity by subjecting her to materially adverse actions, including reassignment/demotion and termination.

76. Defendant's stated reasons were pretextual.

77. As a direct and proximate result, Plaintiff Miller suffered damages.

WHEREFORE, Plaintiff Miller prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**COUNT V**
**(Plaintiff Miller only)**
**VIOLATION OF ARIZONA CIVIL RIGHTS ACT**
**(Age Discrimination)**

78. Plaintiff Miller re-alleges and re-adopts paragraphs 12-32 of the Complaint as if fully set forth herein.

79. Plaintiff Miller is a member of the protected age group (40 or older).

80. Plaintiff Miller was qualified and performing her job satisfactorily.

81. Defendant took adverse employment actions against Plaintiff Miller, including stripping her role/reassigning her and terminating her employment, because of her age.

82. Defendant's stated reasons were pretextual.

83. Plaintiff Miller suffered damages as a result.

WHEREFORE, Plaintiff Miller prays for the following damages against Defendant:

a. compensatory damages for emotional distress;
b. injunctive and/or equitable relief;
c. attorney's fees and costs;
d. punitive damages; and
e. any other relief this Court deems just and equitable.

**COUNT VI**
**(Plaintiff Miller only)**
**VIOLATION OF ARIZONA CIVIL RIGHTS ACT**
**(Age Retaliation)**

84. Plaintiff Miller re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

85. Plaintiff Miller engaged in protected activity under the ADEA by opposing age discrimination and/or participating in protected processes.

86. Defendant retaliated against Plaintiff Miller because of her protected activity by taking materially adverse actions, including termination.

87. Defendant's stated reasons were pretextual.

WHEREFORE, Plaintiff Miller prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**<u>COUNT VII</u>**
**<u>(Plaintiff Vasquez only)</u>**
**42 U.S.C. § 2000e et seq.**
**VIOLATION OF TITLE VII**
**(Sex/Pregnancy)**

88. Plaintiff Vasquez re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

89. Plaintiff Vasquez is a member of a protected class based on sex, including pregnancy, childbirth, and related medical conditions.

90. Plaintiff Vasquez was qualified and performing her job satisfactorily.

91. Defendant took adverse employment actions against Plaintiff Vasquez, including terminating her employment immediately upon her return from approved leave and at a time closely connected to her pregnancy, childbirth, and related leave.

92. Defendant discriminated against Plaintiff Vasquez because of sex/pregnancy by treating her less favorably than similarly situated employees who were not pregnant, by terminating her and replacing and reassigning her duties to an employee who had not taken such

leave.

93. The close temporal proximity between Plaintiff Vasquez's pregnancy-related leave and Defendant's decision to terminate her employment supports an inference of discriminatory motive.

94. Defendant discriminated against Plaintiff Vasquez because of sex/pregnancy, including by terminating her immediately upon return from leave and treating her less favorably than similarly situated non-pregnant employees and/or employees who did not take pregnancy-related or childbirth-related leave.

95. As a direct and proximate result of Defendant's discrimination, Plaintiff Vasquez has suffered and continues to suffer damages.

96. WHEREFORE, Plaintiff Vasquez prays for the following damages against Defendant:

a. compensatory damages for emotional distress;
b. injunctive and/or equitable relief;
c. attorney's fees and costs;
d. punitive damages; and
e. any other relief this Court deems just and equitable.

**COUNT VIII**
**(Plaintiff Vasquez only)**
**42 U.S.C. § 2000e et seq.**
**VIOLATION OF TITLE VII**
**(Sex/Pregnancy Retaliation)**

97. Plaintiff Vasquez re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

98. Plaintiff Vasquez engaged in protected activity under Title VII, including

requesting and taking protected leave related to pregnancy and childbirth and asserting rights associated with pregnancy, childbirth, and related medical conditions.

99. Defendant had knowledge of Plaintiff Vasquez's pregnancy and her protected leave and protected activity.

100. Defendant retaliated against Plaintiff Vasquez for engaging in protected activity by taking materially adverse actions against her, including terminating her employment within approximately an hour of her return to work.

101. The timing of Defendant's termination decision in relation to Plaintiff Vasquez's protected leave and return from leave supports a causal connection between the protected activity and the adverse action.

102. As a direct and proximate result of Defendant's retaliation, Plaintiff Vasquez has suffered and continues to suffer damages.

WHEREFORE, Plaintiff Vasquez prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**COUNT IX**
**(Plaintiff Vasquez only)**
**42 U.S.C. § 2000gg et seq.**
**VIOLATION OF PREGNANT WORKERS FAIRNESS ACT**
**(Failure to Accommodate/Unlawful Discrimination)**

103. Plaintiff Vasquez re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

104. Plaintiff Vasquez had known limitations related to pregnancy, childbirth, or related medical conditions, and Defendant was obligated under the PWFA to provide reasonable accommodations absent undue hardship.

105. Defendant failed and refused to provide reasonable accommodations and otherwise discriminated against Plaintiff Vasquez because she needed accommodations related to pregnancy, childbirth, or related medical conditions, including by terminating her employment.

106. Defendant's actions violated the PWFA and caused Plaintiff Vasquez to suffer damages.

WHEREFORE, Plaintiff Vasquez prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**COUNT X**
**(Plaintiff Vasquez only)**
**KRS Chapter 344**
**VIOLATION OF KENTUCKY CIVIL RIGHTS ACT**
**(Sex/Pregnancy)**

107. Plaintiff Vasquez re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

108. The Kentucky Civil Rights Act prohibits discrimination based on sex, including pregnancy, childbirth, and related medical conditions.

109. Defendant discriminated against Plaintiff Vasquez on the basis of sex/pregnancy as alleged herein, including by terminating her employment immediately upon her return from

approved leave and treating her less favorably than similarly situated employees who were not pregnant or did not take pregnancy- or childbirth-related leave.

110. Defendant's stated reason was false and not the true reasons and were a pretext for unlawful discrimination.

WHEREFORE, Plaintiff Vasquez prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**COUNT XI**
**(Plaintiff Vasquez only)**
**KRS Chapter 344**
**VIOLATION OF KENTUCKY CIVIL RIGHTS ACT**
**(Sex/Pregnancy Retaliation)**

111. Plaintiff Vasquez re-alleges and re-adopts paragraphs 12-17; 33-44 of the Complaint as if fully set forth herein.

112. Plaintiff Vasquez engaged in protected activity under Kentucky law, including requesting and taking leave and opposing conduct she reasonably believed to be unlawful pregnancy/sex discrimination.

113. Defendant retaliated against Plaintiff Vasquez because of that protected activity, including by terminating her employment immediately upon her return from leave.

114. Defendant's stated reason was false and not the true reasons and were a pretext for unlawful retaliation.

WHEREFORE, Plaintiff Vasquez prays for the following damages against Defendant:

a. compensatory damages for emotional distress;

b. injunctive and/or equitable relief;

c. attorney's fees and costs;

d. punitive damages; and

e. any other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial for all issues so triable.

Dated this 12th day of March 2026.

***/s/ George G. Triantis***
**GEORGE G. TRIANTIS, ESQ.**[1]
Fla. Bar No. 1015574
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813-577-4761
Fax: 813-559-4870
Gtriantis@forthepeople.com
Medelman@forthepeople.com
*Attorneys for Plaintiff*

[1] Plaintiff's counsel George Triantis was fully admitted the Central District of Illinois on March 5, 2026.